IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LOUIS C. ROGERS                                                                                           PLAINTIFF

v.                                              Civil No. 1:17-cv-06056

DEPUTY MICHAEL MORGAN,
Hot Springs County Sheriff's Office                                                                       DEFENDANT

## **ORDER**

Plaintiff Louis C. Rogers proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 18). Currently before the Court is a Motion to Dismiss filed by Defendant Michael Morgan based on Plaintiff's failure to obey two Court orders. (ECF No. 22). Plaintiff has not responded. The Court finds the matter ripe for consideration.

On December 21, 2017, this Court granted Defendants' Motion to Compel (ECF No 19) and directed Plaintiff to provide Defendants with the required responses to discovery requests by January 5, 2018. (ECF No. 20). The Order advised Plaintiff that failure to comply with the Order may result in the dismissal of this case. On February 15, 2018, Defendants filed their Motion to Dismiss stating Plaintiff had not complied with the Court's order to provide answers to the discovery requests. (ECF No. 22). That same day, the Court entered an order directing Plaintiff to respond to Defendants' Motion to Dismiss by March 2, 2018. (ECF No. 24). Plaintiff was once again advised in this order that failure to respond by the Court's imposed deadline would result in the dismissal of this action. *Id.* To date, Plaintiff has not responded to Defendant's Motion to Dismiss and the Court's order directing him to respond has not been returned as undeliverable.

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 22) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED this 7th day of March 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE